IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA KNAPP and : | |
| DOUGLAS KNAPP, her husband : | |
| : | |
| Plaintiffs : | |
| : | CIVIL ACTION - LAW |
| vs. : | |
| : | JURY TRIAL DEMAND |
| UNITED STATES OF AMERICA, : | |
| DEPARTMENT OF HEALTH AND : | |
| HUMAN SERVICES : | NO.: _____ |
| : | |
| Defendant : | |

## COMPLAINT

AND NOW comes the Plaintiffs, Christina Knapp and Douglas Knapp, her husband, by and through their counsel, Abrahamsen, Conaboy & Abrahamsen, P.C. and hereby complains of the above Defendants as follows:

### I. JURISDICTION

1. This Honorable Court possesses jurisdiction over this matter pursuant to 28 U.S.C. 1331, as this civil action arises out of the laws of the United States of America.

### II. VENUE

2. This Honorable Court is the proper venue for the instant that is the subject matter of this Complaint because the actions/occurrences which lead to this matter occurred within the jurisdiction of this Honorable Court.

3. The Plaintiffs, Christina Knapp and Douglas Knapp, her husband, are adult and competent individuals residing at 243 Dorys Road, Dingmans Ferry, Pennsylvania.

4. The Defendant, United States of America, Department of Health and Human

Services, is a United States Governmental Agency with office for the purposes of this claim located at 750 Route 739, Hawley, Pike County, Pennsylvania 18428.

### III. FACTS

5. On May 14, 2015, the Plaintiff, Christina Knapp, appeared at the offices of the Defendant, Pike County Family Health, a facility of the Defendant. She there came under the care of Eileen Arenson, C.R.N.P., a certified registered nurse practitioner, complaining of a red rash on her forehead and hairline and tightening of her jaw. The history taken by Eileen Arenson, C.R.N.P. at that time was that the Plaintiff, Christina Knapp had symptoms of pain in the face and scalp believed to be from bug bites and a tick found imbedded in her toe, one week ago.

6. The Defendant, Eileen Arenson, C.R.N.P., diagnosed the Plaintiff has having Lyme Disease. She prescribed the medication Doxycycline 100 mg. bid for 21 days, with a follow-up in 4 weeks to check on her status.

7. On or about May 22, 2015, a rash developed on the palms and thumb of Christina Knapp.

8. On or about May 26, 2015, the Plaintiffs went to the office of Pike County Family Health Center to show the personnel the rash. The receptionist looked at it with a surprised look on her face (her name was "Kathy"). The Plaintiffs were told by Kathy that Christina could not be seen by anyone and that Eileen Arenson, C.R.N.P. would be in the office the next day. The Plaintiffs were advised to call in the morning for an appointment. The rash scared the Plaintiffs so much that they called the on-call doctor that evening and the on-call doctor advised Christina Knapp that if the rash was still there in the morning to go to the emergency room immediately. The on-call person thought it could be Rocky Mountain Spotted Fever (RMSF) and further testing should be done. The on-call doctor also advised that the Doxycycline be stopped immediately in case it was a drug

reaction. Christina Knapp stopped the Docycycline pursuant to said advice.

9. On May 27, 2015, the rash was still present. The Plaintiffs contacted Pike County Family Health Center and got an appointment to see Eileen Arenson, C.R.N.P. that morning. At that point, Christina Knapp was feverish, had chills, was achy and her eyes were blood red, like they were bleeding. The Plaintiffs advised Eileen Arenson, C.R.N.P. about the possibility of Rocky Mountain Spotted fever as stated by the on-call provider. Eileen Arenson, C.R.N.P. advised that she was not familiar with that disease. Eileen Arenson, C.R.N.P. advised Christina Knapp to resume the Doxycycline and finish the course of 21 days of the medication. Blood work was done that day for RMSF and Lyme Disease. Both tests were negative. Christina Knapp was told that her condition was not a big deal.

10. Thereafter, the condition of Christina Knapp continued to worsen. She was finding it very difficult to eat or drink and was losing weight. She became very weak. She fell in the shower from fainting and hit her head. She had a bruise and lump on her head. Finally, on June 3, 2015, she stopped taking the Doxycycline. The rash at that point was all over her palms, neck and chest.

11. The Plaintiffs returned to the offices of Pike County Family Health Center and saw Eileen Arenson, C.R.N.P. on June 4, 2015. Eileen Arenson, C.R.N.P. felt that her issue was myalgia. More blood work was ordered.

12. On June 10, 2015, the condition of Christina Knapp had worsened. The Plaintiffs went to the emergency room at Geisinger Community Medical Center, Scranton, Pennsylvania, where she was seen by the emergency room doctor. The doctor ordered blood work including a test for Lyme Disease and a chest x-ray was performed. The emergency room doctor indicated he wanted to make sure she did not have cancer or a mass. He was appalled that the Doxycycline was prescribed without diagnosis of Lyme Disease. Christina Knapp was released from the emergency

room, told to drink extra fluids and not skip any meals.

13. On June 16, 2015, the Plaintiffs learned of the results of the blood work from the last visit at Pike County Family Health Center. The labs were out of range.

14. On June 17, 2015, Christina Knapp was very ill. She had not eaten much or had fluids for some time. She was very weak. She went to the emergency room at Geisinger Community Medical Center, Scranton, Pennsylvania once again. She was advised that she would be admitted to the hospital. She received IV fluids. She was started on the medication Cipro for a possible urinary tract infection. She was found to have a positive rheumatoid factor. Many other tests were done. She was advised that she needed to see a Rheumatologist and obtain a new family physician. The Plaintiffs were advised that Christina Knapp was possibly suffering from rheumatoid arthritis. Christina Knapp was discharged from the hospital on June 19, 2015.

15. On June 22, 2015, the symptoms worsened. The Plaintiffs went to Pike County Family Health Center to get a referral to Dr. Ramos, Rheumatologist. When there, Christina Knapp explained how she had no appetite, she just physically could not eat. The Plaintiffs asked for an appetite increasing drug. Christina Knapp was prescribed 15 mg of Prednisone. The Plaintiffs had spoken to Dr. Weisenreiter on June 20, 2015 to get the referral but were told they had to see Eileen Arenson, C.R.N.P.

16. On June 24, 2015, the Plaintiffs went to the Wright Center where they were seen by Dr. Rajni Khiara. Christina Knapp was advised to stop the previously prescribed Prednisone and tests were ordered. The opinion of Dr. Khiara was that Christina Knapp had an inflammatory condition based on laboratory data and clinical symptoms. She also felt she might be suffering from anorexia, anemia or non-specific joint symptoms. Dr. Khiara felt she might be suffering from early rheumatoid arthritis or some other condition such as mixed connective tissue disease or malignancy.

She set up a referral for Christina Knapp to be seen by Dr. Ramos for additional work-up and treatment.

17. By June 29, 2015, Christina Knapp had not been able to eat since June 24, 2015. The Plaintiffs were advised that Dr. Ramos could not help them and recommended by Dr. Khiara to go to Geisinger Hospital in Danville, Pennsylvania.

18. On July 1, 2015, the Plaintiff, Christina Knapp, was admitted to the Geisinger Hospital, Danville, Pennsylvania.

19. On July 15, 2015, the Plaintiff, Christina Knapp, learned for the first time that she was suffering from microscopic polangiitis and chronic kidney disease stage 3 caused by the Doxycycline. This is the first time that the Plaintiffs knew of her injury and its cause.

20. The Defendant at all times material and relevant hereto acted through its agents, servants, employees or ostensible agents, including, but not limited to Pike County Family Health Center and Eileen Arenson, C.R.N.P.

21. On June 28, 2017, Plaintiffs timely submitted this claim by providing to the Defendant a claim for damage, injury or death form concerning the above matter as required by the Federal Tort Claims Act. To date, despite the passage of six (6) months as required by the Federal Tort Claims Act, the Defendant has neither accepted or rejected Plaintiffs' claims.

22. The Defendant through its agents, servants, employees and/or ostensible agents were careless and negligent in their care and treatment of the Plaintiff, Christina Knapp in the following:

    a. in prescribing the medication Doxycycline for 21 days without identifying the tick as an adult deer tick;

    b. in failing to determine that the tick had been attached for at least 36 hours, in starting prophylaxis before or within 72 hours of tick removal;

    c. in failing to determine whether or not the local rate of infection of ticks with

Case 3:02-at-06000 Document 824 Filed 07/17/18 Page 6 of 7

Burgdorferi was greater than 20%;

d. in failing to address other options for treatment of the Plaintiff, Christina Knapp such as observation and ordering seriological/lab testing in 3 to 4 weeks to determine if Christina Knapp had developed antibodies to Lyme Disease;

e. in failing to advise Christina Knapp to stop the use of Doxycycline when she appeared on May 27, 2015 with a rash on her hands for 4 to 5 days prior to arrival, in addition to body aches, chills and subjective fever;

## COUNT I
## CHRISTINA KNAPP v. UNITED STATES OF AMERICA, DEPARTMENT OF HEALTH AND HUMAN SERVICES

23. Plaintiffs herein incorporate herein by reference all of the preceding paragraphs of this Complaint.

24. As a direct and proximate result of the negligence and carelessness of the Defendants described herein before, the Plaintiff, Christina Knapp was caused to suffer serious personal injures, including but not limited to, microscopic polyangiitis and chronic kidney disease stage 3, all of which are be permanent.

25. As a direct and proximate result of the negligence and carelessness of the Defendants described herein before, the Plaintiff, Christina Knapp has been caused to incur expenses for her medical care and treatment of the conditions caused by the carelessness and negligence as referenced herein before.

26. As a direct and proximate result of the negligence and carelessness of the Defendants described herein before, the Plaintiff, Christina Knapp has suffered damages including pain and suffering, loss of life's pleasures, humiliation and embarrassment, mental anguish, discomfort, inconvenience, disfigurement and distress and will suffer said damages for the rest of her life.

WHEREFORE, the Plaintiff, Christina Knapp demands judgment in her favor and against the Defendant in an amount in excess of $75,000.00 together with interest and cost of suit.

### COUNT II
### DOUGLAS KNAPP v. UNITED STATES OF AMERICA, DEPARTMENT OF HEALTH AND HUMAN SERVICES

27. Plaintiffs herein incorporate herein by reference all of the preceding paragraphs of this Complaint.

28. As a result of the negligence and carelessness of the Defendant, the Plaintiff has suffered a loss of consortium including the company, society, cooperation, affection and aid of his wife and will so suffer said loss of consortium for an indefinite time into the future as well.

WHEREFORE, the Plaintiff, Douglas Knapp demands judgment in his favor and against the Defendant in an amount in excess of $75,000.00 together with interest and cost of suit.

Respectfully Submitted,

By: _____
Edwin A. Abrahamsen
Attorney ID No. 23139

Abrahamsen, Conaboy & Abrahamsen, P.C.
1006 Pittston Avenue
Scranton, PA 18505